# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF WEST VIRGINIA

### CHARLESTON

**BOBBY RUNNING COUGAR RODDY,**

       **Plaintiff,**

**v.**                                          **Case No. 2:11-cv-00760**

**CHILDERS, Religious Coordinator,**
**WEST VIRGINIA DIVISION OF CORRECTIONS,**
**JASON WINNELL, Defendants' Counsel,**
**CHARLES HOUDYSCHELL, Assistant Attorney**
**General, Defendants' Counsel,**
**M.OCC. Warden DAVID BALLARD**
**And Staff,**
**Deputy Warden MARVIN PLUMLEY, and**
**M.O.C.C. Chaplain BOB VANFOSSEN,**

       **Defendants.**

## PROPOSED FINDINGS AND RECOMMENDATION

On October 13, 2011, the plaintiff filed a complaint (ECF No. 2) in which he seeks court enforcement of a settlement agreement from prior litigation. The plaintiff is currently an inmate at Mount Olive Correctional Complex. In July, 2003, the plaintiff filed a case in this court, Roddy v. Childers, No. 5:03-cv-00612, concerning the exercise of his Native American religious beliefs. The case was ultimately settled and a Stipulation of Voluntary Dismissal was entered in the fall of 2009. The Stipulation of Voluntary Dismissal recites that "all matters and controversies between [the parties] have been fully resolved and settled, and that it has been agreed upon by them that this matter should be dismissed with prejudice." (ECF No. 204.) The Stipulation has no provision that the court will retain jurisdiction for the purpose of enforcing the

settlement.  The plaintiff recites in his complaint that he has attached a copy of the settlement agreement, but no such copy was received by the Clerk.  The plaintiff also filed a request that the court enter an order to have the settlement agreement copied and provided to the court.  (ECF No. 4.)  The court notes that the plaintiff has made efforts to re-open the 2003 litigation as noted on the docket of that case.

The plaintiff's complaint states his claim as follows [some spelling corrected]:

> This claim is over a breach of the settlement agreement that was made to me the plaintiff on 10-25-2009.  * * *  The Northern Correctional Facility and Mount Olive Correctional Complex took all of my religious items and stopped me from having any prayer ceremonies at all.  I have not been allowed to have my religious items or been allowed to pray since 2-15-2011.  * * * The defendants in this claim are telling me the plaintiff that they are going to destroy all of my Native American religious items and 75% of these religious items were sent in from the street to me and they have been in my family for over 100 years.

(Complaint, ECF No. 2, at 5.)  He seeks $850 damages for the breach, strict adherence to the settlement agreement, and the right to keep all his religious items in his cell 24 hours a day, seven days a week.  Id. At 6.

Breach of contract is a separate cause of action from the 2003 litigation.  The plaintiff and the defendants lack diversity of citizenship, and breach of contract is not a federal cause of action under these circumstances.  Accordingly, this court lacks subject matter jurisdiction over this dispute.  If the plaintiff wishes to file a breach of contract action against the defendants, he must do so in one of the Circuit Courts of the State of West Virginia.  The undersigned proposes that the presiding District Judge **FIND** that this court lacks subject matter jurisdiction over the plaintiff's claim.  It is respectfully **RECOMMENDED** that this case be dismissed with prejudice, the plaintiff's

Application to Proceed without Prepayment of Fees or Costs (ECF No. 1) be denied, and that the plaintiff's petition for a court order for copies (ECF No. 4) be denied.

The plaintiff is notified that this Proposed Findings and Recommendation is hereby **FILED**, and a copy will be submitted to the Honorable Joseph R. Goodwin, Chief United States District Judge.  Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Rules 6(d) and 72(b), Federal Rules of Civil Procedure, the plaintiff shall have fourteen days (filing of objections) and three days (mailing) from the date of filing this Proposed Findings and Recommendation within which to file with the Clerk of this Court, specific written objections, identifying the portions of the Proposed Findings and Recommendation to which objection is made, and the basis of such objection.  Extension of this time period may be granted for good cause shown.

Failure to file written objections as set forth above shall constitute a waiver of <u>de novo</u> review by the District Court and a waiver of appellate review by the Circuit Court of Appeals.  <u>Snyder v. Ridenour</u>, 889 F.2d 1363 (4th Cir. 1989); <u>Thomas v. Arn</u>, 474 U.S. 140 (1985); <u>Wright v. Collins</u>, 766 F.2d 841 (4th Cir. 1985); <u>United States v. Schronce</u>, 727 F.2d 91 (4th Cir. 1984).  Copies of such objections shall be provided to Chief Judge Goodwin.

The Clerk is directed to file this Proposed Findings and Recommendation and to mail a copy of the same to the plaintiff.

<u>October 18, 2011</u>

Mary E. Stanley
United States Magistrate Judge